1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL HEATH,                             No.  2:19-cv-1733 TLN CKD P

12                  Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   HUNTER ANGELA,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  In his petition, petitioner alleges that he pled guilty to

19   possession of firearms in Solano County and is serving a sentence of 6 years imprisonment.

20   Petitioner's claim is that he has been forced to pay restitution for the loss of a car, despite the fact

21   that he never pled guilty to an offense related to the loss of a car.

22        Respondent argues that petitioner has failed to exhaust state court remedies with respect to

23   his claim.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for

24   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

25   by providing the highest state court with a full and fair opportunity to consider all claims before

26   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

27   /////

28   ///

It appears that petitioner did raise his claim concerning restitution to the California Supreme Court.  ECF No. 14-6 at 24.  The California Supreme Court denied the claim as follows:

> The petition for writ of habeas corpus is denied.  (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Swain* (1949) 35 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularly]).

ECF No. at 8.

A Swain / Duvall dismissal affords a California habeas petitioner an opportunity to submit an amended pleading that "allege[s] with sufficient particularity the facts warranting habeas relief."  King v. Roe, 340 F.3d 821, 823 (9th Cir.2003), abrogated on other grounds by Evans v. Chavis, 546 U.S. 189 (2006).  Petitioner did not submit an amended petition to the California Supreme Court.  Furthermore, he has not explained why he failed do so, nor does he assert that he should not have been required to do so to exhaust state court remedies.  For these reasons, petitioner is precluded by 28 U.S.C. § 2254(b)(1) from obtaining habeas relief.

In any case, petitioner's claim should be denied on the merits.  Documents provided by respondent show that petitioner stands convicted of four offenses including receiving a stolen motor vehicle and possession of a firearm by a felon.  ECF No. 14-3 at 117.  Petitioner received a sentence of seven years imprisonment, and condition which included that petitioner pay $3,315.20 in restitution.  Id.  Petitioner knowingly pled guilty to receiving a stolen motor vehicle on October 5, 2017.  E.g. ECF No. 14-3 at 160-162.  Among the terms and conditions acknowledged by petitioner when he pled guilty was the possibility that he would be "subjected to fines, fees and/or assessments that may vary in amount from $10.00 to $20,000 or more . . ."  Id. at 161.  Under these facts, there has been no violation of petitioner's Constitutional rights, including the right that any plea of guilty be intelligent and voluntary.  See Boykin v. Alabama, 395 U.S. 238 (1969).

Conclusion

For all the foregoing reasons, the court will recommend that petitioner's application for a writ of habeas corpus be denied and this case be closed.

/////

2

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 28, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
heat1733.157

3